IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

| | |
|---|---|
| FRANK W. ASKEW, JR., <br> ADC # 082276, <br>        Plaintiff, <br> vs. <br> LARRY NORRIS, *et al.*, <br>        Defendants. | No. 2:09 -cv-00165-SWW-JJV |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Arkansas Department of Correction (ADC) East Arkansas Regional Unit, filed this action *pro se* pursuant to 42 U.S.C. § 1983 against various officials and medical professionals at that unit. Mr. Askew originally filed this action in concert with another inmate; in an Order entered December 29, 2009 the Court struck his co-plaintiff as a party. Plaintiff and Mr. McQuire have filed a Motion for Reconsideration (Doc. No. 14) of that Order, as well as a Motion to Amend/Correct Complaint (Doc. No. 15). After carefully reviewing Plaintiff's Complaint in accordance with its screening function under 28 U.S.C. § 1915A, the Court recommends that 1) Askew's Complaint be dismissed for failure to state a claim, 2) all pending motions be denied as moot, and 3) dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).

**I.    SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's recent opinion in *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 1950, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 545-46.

## II.     PLAINTIFF'S FACTUAL ALLEGATIONS

Mr. Askew states that prison officials were aware he had been a victim of rape at the East Arkansas Regional Unit in 2004 and, as a result, he suffered from post-traumatic stress disorder. Therefore, Defendants Norris, Hobbs, Harmon, and Jackson should have known not to return him to that unit.  However, upon his re-commitment to the ADC in September 2009, he was sent to the East Arkansas Regional Unit and as a result he is afraid for his safety and stressed.  Askew also charges that Defendants Greene, Harmon, Williams, Jackson, and Outlaw intentionally allowed his

3

placement at the East Arkansas Regional Unit, intending to cause him stress, harm and post-traumatic stress disorder.  Askew further alleges he was twice a victim of retaliation by Sgt. Washington.  First, because he refused to obey Sgt. Washington's order to move to an isolation cell and second, for having grabbed a grievance and request form to report Washington's action to Warden Harmon.  Askew states he refused to move to isolation because, if he were to experience a seizure there, he could suffer injury or death.  Additionally, Askew contends that Defendants Harmon, Outlaw, Williams, Andrews, and Jackson failed to follow ADC policy regarding his and the other inmates' right to a 48-hour respite between serving consecutive disciplinary sentences in isolation.  Lastly, Askew contends that Nurse Summerville "falsified [Askew's] medical records" when he claimed to have provided Plaintiff a physical examination, "which is required under ADC policy, procedure and practice as inmate[s] arrive at the ADC Diagnostic Unit."  According to Askew, Nurse Summerville did not perform a physical on Plaintiff because he "said . . . that Summerville was violating the Medical Privacy Act and HIPPA [sic] law when Summerville was giving blood pressure checks on a group of about 18 inmates.  Askew asked to be excused – so Summerville did not give Askew a physical, but falsified medical records." (Doc. No. 3, p. 18).

## III.   ANALYSIS

Mr. Askew has shown no injury as a result of any of his claims, therefore, his claims are not cognizable under § 1983.  A prisoner cannot sustain an Eighth Amendment claim unless he can show he suffered some "actual injury."  *White v. Holmes*, 21 F.3d 277, 281 (8th Cir.1994) ("[w]hile a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation").  Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation.  *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978).

For example, Askew's claim regarding his seizure disorder only alleges he *might* suffer injury as a result of being placed in isolation and does not identify an actual injury that could support

4

an Eighth Amendment claim. Plaintiff has also not sustained an injury cognizable under § 1983 for his claim that being placed at the East Arkansas Regional Unit caused him stress and fear. The Prison Litigation Reform Act provides no relief to prisoners who alleged mental or emotional injuries without a prior showing of physical injury. 42 U.S.C. § 1997e(e). Finally, Askew's claim that his medical records were falsified does not allege any injury whatsoever.

The same type of injury analysis applies to Askew's claims that the Defendants failed to notify him and other inmates of their right to a 48-hour respite between serving separate punitive isolation sentences. Importantly, Askew does not allege he was deprived of his right to this respite, but that Defendants generally fail to *inform* inmates of this right. Askew is aware of his right in this regard and was not deprived of this right; thus, he has shown no injury and this claim should be dismissed. Moreover, Askew's allegation that Defendants violated prison policy does not amount to a constitutional violation. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

Lastly, Askew's claim of "retaliatory discipline" should be dismissed as well. "If the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prison rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994), *cert. denied,* 515 U.S. 1145 (1995), citing *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993), *cert. denied*, 512 U.S. 1209 (1994); *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir.1990) (no retaliation claim can be stated when alleged retaliation arises from actual violation of prison regulations). Here, Plaintiff reports that he refused an order by Sgt. Washington to move to another isolation unit, and for his refusal was written a disciplinary charge. By his own admission, Askew committed a rule violation in refusing to follow a direct order. While Askew offers justification for failing to follow this order, his justification is irrelevant to the analysis because he actually violated prison regulations and his punishment cannot be considered retaliatory.

5

## IV.     MOTION FOR RECONSIDERATION

Plaintiff Askew and Eric McGuire have also filed a Motion for Reconsideration (Doc. No. 14) of the Court's previous dismissal of Eric McGuire's claims. Mr. McGuire's portion of the original Complaint addressed the ADC requirement that his wife submit to a strip-search before she was allowed to visit. It appears she did not submit and therefore the visit was not allowed. The Court directed that Mr. McGuire's claims be severed from those of Plaintiff Askew and he be required to file his own complaint in a new and separate cause of action. None of the reasons offered by Plaintiff Askew or Mr. McGuire in their Objections (Doc. No. 11), Motion for Reconsideration, or Motion to Amend (Doc. No. 15) warrant reversal of that decision. The Motion for Reconsideration should be denied.

## V.     CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1)     This action be DISMISSED and all pending motions be denied as moot;

2)     Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g)[1]; and

3)     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 4th day of May, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."